**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 07 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAYMOND D. POLLOK, an individual, | No. 11-56764 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-07006-JST-PJW |
| v. | |
| NORTHROP GRUMMAN HEALTH PLAN, an employee benefit plan, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Josephine Staton Tucker, District Judge, Presiding

Argued and Submitted July 10, 2013
Pasadena, California

Before: WARDLAW, BYBEE, and NGUYEN, Circuit Judges.

Raymond Pollok appeals from the district court's findings of fact and

conclusions of law following a bench trial in his claim for long-term disability

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

benefits under an insurance policy governed by ERISA. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm the district court.

The district court's factual findings were not clearly erroneous. *See Pannebecker v. Liberty Life Assurance Co. of Boston*, 542 F.3d 1213, 1217 (9th Cir. 2008). It was not "illogical, implausible, or without support . . . in the record" for the district court to find that: (1) the Northrop Grumman Health Plan ("the Plan") was in effect and available to Pollok when he became disabled; (2) there was only one "Benefits Online" website containing the Summary Plan Description ("SPD"); (3) the SPD vested discretionary authority in Unum as the Plan's administrator; and (4) the SPD provided that benefits payments could be offset against certain benefits received from other sources. *See United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009) (en banc).

Nor were the district court's legal conclusions in error. *See Pannebecker*, 542 F.3d at 1217. The Plan vested discretionary authority in the Plan administrator, and therefore it was proper for the district court to review the benefits determination for abuse of discretion. *See Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 969 (9th Cir. 2006) (en banc). The district court also properly concluded that Pollok's benefits payments could be offset against certain benefits received from other sources. The district court did not improperly place

2

the burden on Pollok to show that the Plan lacked offset provisions. *See Zavora v. Paul Revere Life Ins. Co.*, 145 F.3d 1118, 1120 & n.2 (9th Cir. 1998) (explaining that the burden of establishing the existence and terms of an ERISA plan is on the insurer).

**AFFIRMED.**